### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

VICTOR WILLIAMS,

     Plaintiff,

v.                                                      Case No. 2:24-cv-02287-MSN-atc
                                                        JURY DEMAND

NICKEY WAREHOUSES, INC.,

     Defendant.

---

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 16 "Report"), entered on November 25, 2024.  The Report recommends dismissing Plaintiff Victor Williams's claim under the Occupational Health and Safety Act ("OSHA") against Defendant Nickey Warehouses, Inc. with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  The Report further recommends issuing process for Defendant Nickey Warehouses, Inc. for the remaining claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA").  Finally, the Report recommends denying Plaintiff's pending motions (ECF Nos. 13 and 15).  Plaintiff filed timely objections on December 9, 2024.  (ECF No. 19.)  For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report in its entirety.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*,

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## <u>DISCUSSION AND CONCLUSION</u>

The Magistrate Judge recommends dismissal of Plaintiff's OSHA claim with prejudice for failure to state a claim upon which relief may be granted.  The Magistrate Judge further recommends denying Plaintiff's "FOIA Request" motion (ECF No. 13) and motion for an extension of time to complete service (ECF No. 15).[1]  Because Plaintiff has not objected to the Report's recommendation regarding these motions, the Court reviews the portions of the Report without objections for clear error and finds none.

As to the dismissal of the OSHA claim, in his objections, Plaintiff argues that "Nickey Warehouse went against state and federal guidelines or regulations" and alleges that "it is in black and white that Nickey's blunt disregard of state and federal law, when dealing with Hazmat chemicals and safety of employees."  (ECF No. 19 at PageID 282.)  Plaintiff alleges that he was "forced to do things dealing with these chemicals that hazmat was supposed to be called out for" and that he has "health conditions due to what I have been exposed to at NWI."  (*Id.*)

However, as correctly noted in the Report, there is no private right of action under OSHA.  *See* Madigan *v. Nabisco Brands, Inc.*, 46 F. App'x 329, 330 (6th Cir. 2002).  The law is well-established that individual employees cannot bring private lawsuits to enforce OSHA regulations or to seek remedies for alleged OSHA violations.  Instead, enforcement of OSHA regulations and investigation of violations are carried out by the Secretary of Labor.  *Taylor v. Brighton Corp.*, 616 F.2d 256, 263 (6th Cir. 1980).

While the Plaintiff's claims about workplace safety violations are serious, they do not provide a private cause of action under OSHA. Additionally, Plaintiff's objection primarily

---

[1] The Magistrate Judge ordered service of process by the U.S. Marshal, rendering the motion for extension of time to complete service moot.  (ECF No. 16).

restates the factual allegations regarding safety violations rather than identifying any legal error in the Magistrate Judge's analysis.  These allegations, even if true, cannot overcome the fundamental legal barrier that OSHA does not permit private enforcement through civil lawsuits.

Accordingly, Plaintiff's objections (ECF No. 19) are **OVERRULED**, and the Magistrate Judge's Report (ECF No. 16) is **ADOPTED** in its entirety.  Plaintiff's "FOIA Request" motion (ECF No. 13) is **DENIED**; Plaintiff's motion for extension to complete service (ECF No. 15) is **DENIED WITHOUT PREJUDICE** as moot; and Plaintiff's OSHA claim is **DISMISSED WITH PREJUDICE**.  The case shall proceed on the remaining Title VII and FMLA claims as set forth in the Report.

**IT IS SO ORDERED**, this 27th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE