**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **VICTOR WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:24-cv-02287-BCL-atc** |
| | ) | |
| **NICKEY WAREHOUSES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND ORDER ON OTHER PENDING MOTIONS**

Before the Court by Order of Reference[1] is Defendant Nickey Warehouses, Inc.'s ("Nickey") Motion to Dismiss Plaintiff's Amended Complaint, filed on June 20, 2025. (ECF No. 90.) Plaintiff Victor Williams filed five responsive documents to the Motion on June 20, 21, and 23, 2025. (ECF Nos. 91–95.) Pursuant to Local Rule 12.1(c), Nickey filed a Reply on July 7, 2025. (ECF No. 103.) Williams filed a motion for leave to file a surreply on July 7, 2025 (ECF No. 105), which was denied on July 22, 2025, for his failure to consult. (ECF No. 123, at 2–3.)[2] Williams refiled his motion for leave to file a surreply on July 22, 2025, and, yet again,

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Throughout the course of this litigation, Williams has persistently failed to comply with the Local Rules and the Orders of this Court with respect to his filings, and the undersigned has cautioned him numerous times against his litigation misconduct. For example, in the July 22nd Order, the Court stated:

> Williams has been admonished numerous times—as recently as this Court's June 23 and 25, 2025 Orders (ECF Nos. 97, 100)—that, pursuant to Local Rule 7.2(a)(1)(B), he must consult with counsel for Nickey prior to filing any

Williams failed to consult with counsel for Nickey. (ECF No. 124) As a result, on August 5, 2025, the Court denied his refiled motion for leave, stating:

> Williams failed to include a certificate of consultation with his Motion for Leave (ECF No. 124), despite numerous admonishments from the Court that he must do so prior to filing any nondispositive motion, including as to his previous Motion for Leave, which was denied for failure to consult (ECF No. 123). In addition, Williams has already made five submissions in response to the Motion to Dismiss (ECF Nos. 91–95), and his proposed surreply (ECF No. 124-2) does not provide any new authority or argument that is helpful in ruling on the Motion to Dismiss. Because Williams again failed to consult and has not shown good cause for a surreply, the Motion for Leave is DENIED.

(ECF No. 146, at 5.)

For the reasons set forth below, the Court recommends that Nickey's Motion to Dismiss be granted and that Williams's claims be dismissed with prejudice. In light of this recommendation, the undersigned further recommends that Nickey's Motion for Summary Judgment (ECF No. 218) be denied without prejudice as moot. The parties' other pending motions are addressed below.

## REPORT AND RECOMMENDATION

### I. Proposed Findings of Fact

Williams filed his original Complaint on May 1, 2024, alleging claims against Nickey under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); and the Occupational Health and Safety Act, 29 U.S.C. § 651 et seq. ("OSHA"). (ECF No. 1.) On June 27, 2024, Williams

---

> non-dispositive motions. The Court has now held on multiple occasions that any non-dispositive motion that does not contain an adequate Certificate of Consultation (stating when consultation took place, who participated, and whether Nickey consents to or opposes the relief requested) will be denied. And yet Williams continues to flout this Court's Orders and Local Rules regarding consultation, not to mention filing replies without leave of Court, as noted above.

(*Id.*) As discussed further below, the Court's admonishments have been ignored by Williams.

filed a motion for leave to file an amended complaint. (ECF No. 11.) On August 5, 2024, the Court granted Williams's motion to amend, stating:

> Williams is ORDERED to file his amended complaint and any supporting exhibits with the Clerk of Court by August 26, 2024. When doing so, Williams should be aware that his amended complaint and supporting exhibits will completely supersede his original complaint and the exhibits that were filed on May 1st. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)) ("[W]hen plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward."). As such, he should include all claims, allegations, and exhibits in the amended complaint filing. Once Williams files his amended complaint, the Court will conduct a screening pursuant to § 1915(e)(2)(B) and Local Rule 4.1(b)(2) to determine whether a summons shall be issued by the Clerk.

(ECF No. 12, at 2.) Williams failed to amend his Complaint as ordered, and, thereafter, the Court entered a screening Report and Recommendation on November 15, 2024, recommending that Williams's OSHA claims be dismissed for failure to state a claim but that his Title VII and FMLA claims could proceed. (ECF No. 16 at 1–6.)[3] The Report and Recommendation was adopted in full by District Judge Mark S. Norris on December 27, 2024. (ECF No. 27.)[4]

Thereafter, on March 14, 2025, Williams filed another motion for leave to file an amended complaint (ECF No. 55), along with his proposed Amended Complaint (ECF No. 55-1). That motion was granted on June 6, 2025, and his Amended Complaint was deemed filed and operative. (ECF No. 77, at 4.) In granting the motion to amend, the Court noted that "Williams attached multiple exhibits to his original Complaint (ECF No. 1), but he did not attach any exhibits to his proposed Amended Complaint. Given his *pro se* status, the Court will

[3] Williams filed a handwritten "FOIA Request" concerning the undersigned on August 12, 2024. (ECF No. 13.) That request was denied in the November 25th Report and Recommendation. (ECF No. 16, at 7.)

[4] This case was transferred to District Judge Brian C. Lea on March 25, 2026, pursuant to Administrative Order 2026–08.

construe his exhibits to the original Complaint as exhibits to the Amended Complaint as well." (*Id.* at 4 n.1.) Pursuant to Federal Rule of Civil Procedure 15(a)(3), Nickey filed its Motion to Dismiss on June 20, 2025. (ECF No. 90.)

In his Amended Complaint, Williams alleges retaliation under Title VII, retaliation under the FMLA, a new failure-to-accommodate claim under the Americans with Disabilities Act ("ADA"), and a new claim of unlawful wage garnishment. (ECF No. 55-1, at 1–3.) The Amended Complaint drops the claims for Title VII disparate treatment and FMLA interference that (arguably) appeared in his original Complaint. (*Id.*)

With respect to his new ADA claim, Williams alleges that Nickey did not provide reasonable accommodations for his medical issues. (ECF No. 55-1, at 2.) But, notably, he did not include such a claim in his employment discrimination claim submitted to the EEOC; rather, his Charge of Discrimination only reflects Title VII discrimination. (ECF No. 90-2, at 2.)[5] In support of his Title VII retaliation claim, Williams alleges only that he "engaged in protected activity by reporting workplace violations and exercising his legal rights" and that Nickey "retaliated by imposing unreasonable return-to-work conditions, withholding pay, and ultimately terminating Plaintiff in violation of Title VII." (ECF No. 55-1, at 3.) With respect to his FMLA claim, Williams contends only that he "exercised his rights under the FMLA due to his medical condition" and that Nickey "sought reimbursement for FMLA leave expenses, which is a direct

[5] "Courts generally cannot consider documents outside the pleadings without converting a motion to dismiss under Fed. R. Civ. P. 12 into one for summary judgment under Fed. R. Civ. P. 56, but public records and exhibits to the pleadings and motion may be considered 'so long as they are referred to in the complaint and are central to the claims.'" *Collins v. Tyson Foods, Inc.*, 665 F. Supp. 3d 845, 851 (W.D. Ky. 2023) (quoting *Stein v. hhgregg, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017)) (considering the plaintiff's EEOC Charge of Discrimination that was attached to the defendant's motion to dismiss in determining whether administrative remedies for the ADA claim were exhausted).

violation of Plaintiff's rights under the FMLA." (*Id.* at 2.) And concerning his wage garnishment claim, Willims alleges that Nickey mishandled a wage garnishment issue between him and another Nickey employee and that "Defendant later acknowledged its error, and after over four months and Plaintiff's documentation[,] Defendant corrected the issue and offered compensation." (*Id.* at 3.)

## II. Proposed Conclusions of Law

### A. Standard of Review

To determine whether Williams has stated a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs*., L.P., No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)); *see also Marinkovic v. Hazelwood*, No. 1:20-cv-1485, 2022 WL 17405148, at *7 (N.D. Ohio Dec. 2, 2022) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008)

("Although this Court will not demand strict formalities and all the trimmings from a party *pro se*, the Court also will not conjure unpled facts, nor will it construct causes of action.").

B. ADA Claim

Williams's ADA claim fails for the simple reason that he failed to exhaust his administrative remedies before the EEOC. "Filing a charge of discrimination is a prerequisite to filing a civil action under the ADA." *Collins*, 665 F. Supp. 3d at 853 (citing 42 U.S.C. § 2000e-5(e)-(f); 42 U.S.C. § 12117(a)); *see also Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action.") (citations omitted). "[T]he judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Collins*, 665 F. Supp. 3d at 854 (quoting *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)). "Under the expected scope of investigation test, '[t]he Court must look to the facts alleged on the EEOC charge, rather than to the possible results of an EEOC investigation' to determine if the EEOC charge would 'serve[] to put employers on notice and give[] the EEOC the opportunity to investigate or settle the dispute.'" *Id.* (quoting *Hogan v. Int'l Paper Co.*, No. 2:18-cv-2076-JPM-tmp, 2019 WL 11583329, at *4 (W.D. Tenn. June 3, 2019)).

Though Williams's Charge of Discrimination arguably contains allegations in support of his Title VII retaliation claim, it contains no claim or factual allegations relating to any medical disability that Williams allegedly suffers from (ECF No. 90-2, at 2), and thus "[t]he facts alleged by [Williams] in his EEOC Charge were insufficient to give the EEOC the opportunity to investigate his disability discrimination claim." *Collins*, 665 F. Supp. 3d at 854 (dismissing the plaintiff's ADA claim for failure to exhaust administrative remedies); *see also id.* at 854 n.6 (collecting cases for the proposition that ADA claims should be dismissed for failure to exhaust

administrative remedies when a *pro se* plaintiff "plainly did not allege [such] facts or claims to the EEOC").

Williams argues that his claim should not be dismissed because "[e]xhaustion is an affirmative defense and should only be resolved where the complaint plainly shows failure" and that "Defendant was well aware of Plaintiff's medical conditions through FMLA certifications and related documentation submitted during his employment." (ECF No. 91, at 3.)[6] In support of this argument, Williams cites *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544 (6th Cir. 2013), and purports to cite a case called *Rudolph v. ADT Sec. Servs., Inc.*, No. 2:12-cv-2696, 2013 WL 12144265 (W.D. Tenn. 2013). *Lockhart* stands for the proposition that affirmative defenses are resolved on "Rule 12(b)(6) motions where 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" 531 F. App'x at 547 (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012)). The *Lockhart* court reversed the district court's grant of a motion to dismiss when it was not clear whether the plaintiff had adequately identified his employer in his Charge of Discrimination, rendering resolution on a motion to dismiss inappropriate. *Id.* In this case, however, it is clear from the face of Williams's Charge of Discrimination that he failed to exhaust his administrative remedies before the EEOC. (ECF No. 90-2, at 2.) Thus, *Lockhart* is inapplicable. And with respect to Williams's purported citation to *Rudolph*, this case appears to be completely fictitious, as the

[6] Williams also appears to take issue with the fact that Nickey filed a Motion to Dismiss in response to his Amended Complaint at all, asserting that this was somehow inappropriate because the parties had previously engaged in settlement discussions and agreed to conduct a settlement conference and that the filing of the motion violates "basic principles of judicial integrity." (*Id.* at 1–2; ECF No. 94, at 1–2.) Contrary to Williams's unsupported assertion, Nickey was obligated to file a response to the Amended Complaint (ECF No. 77, at 5) and did so by way of the instant Motion to Dismiss (ECF No. 90). There was nothing inappropriate about Nickey's submission.

Westlaw citation is associated with a completely unrelated case from the Superior Court of California, and the Court has been unable to locate a case with this name or case number from the Western District of Tennessee in the employment context or otherwise. Williams is admonished in the strongest possible terms that fictional case law citations are entirely inappropriate, and any future infractions may result in the imposition of sanctions, up to and including the dismissal of his case.[7]

For the foregoing reasons, the Court recommends that Williams's ADA claim be dismissed for failure to exhaust administrative remedies.

C. <u>FMLA Claim</u>

To establish an FMLA retaliation claim, "[a] plaintiff must demonstrate that: (1) the employee availed [him]self of a protected right under the FMLA by notifying the employer of [his] intent to take leave; (2) []he suffered adverse employment action; and (3) there was a causal connection between the exercise of [his] rights under the FMLA and the adverse action." *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-2660-TLP-dkv, 2020 WL 880878, at *9 (W.D. Tenn. Jan. 6, 2020), *report and recommendation adopted*, 2020 WL 504672 (W.D. Tenn. Jan. 31, 2020) (citing *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006)).

With respect to an adverse employment action, Williams merely alleges that "Defendant sought reimbursement for FMLA leave expenses, which is a direct violation of Plaintiff's rights under the FMLA." (ECF No. 55-1, at 2.) Beyond this bald assertion, however, Williams has not

[7] "Without question, it is improper and unacceptable for litigants—including *pro se* litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. N.Y.C. Dep't of Educ.*, No. 1:24-cv-04232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)). "Sanctions may be imposed for submitting false and nonexistent legal authority to the Court." *Id.* (citations omitted). The Court declines to impose or recommend sanctions at this time, but Williams is ORDERED to review any legal citations for accuracy before including them in a filing.

identified what expenses he refers to or any basis for considering Nickey's request for reimbursement to be an adverse employment action.

Giving Williams the benefit of every possible doubt, it may be presumed that he is referring to health insurance coverage and premiums. If so, an employer "may recover the employee's share of any premium payments missed by the employee for any FMLA leave period during which the employer maintains health coverage by paying the employee's share after the premium payment is missed." 29 C.F.R. § 825.212(b). Because Williams has not identified any adverse employment action relating to his FMLA retaliation claim, this claim should be dismissed. *See generally Perry v. Sephora USA, Inc.*, 798 F. Supp. 3d 824, 836, 838 (M.D. Tenn. 2025) (granting a motion to dismiss an FMLA retaliation claim when the plaintiff failed to identify an adverse employment action related to the plaintiff's exercise of FMLA rights).

More importantly, in his various responses to the Motion to Dismiss, Williams fails to address the alleged reimbursement request at all—the sole basis of his FMLA claim—much less cite to any authority that suggests that his allegations might support an adverse employment action. (*See* ECF No. 91, 91-1, 94.) Williams has thus forfeited any claim relating to the reimbursement issue. "It is well established in the Sixth Circuit that failure to respond to an argument made in support of a Rule 12(b)(6) motion to dismiss a claim results in a forfeiture of the claim." *Verble v. Morgan Stanley Smith Barney, LLC*, 148 F. Supp. 3d 644, 650 (E.D. Tenn. 2015) (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013)); *see also Akaazua v. Walker Novak Legal Grp., LLC*, No. 19-2183, 2021 WL 4097500, at *1 (6th Cir. Jan. 8, 2021) (citing *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013)) (affirming dismissal of a *pro se* plaintiff's claims as waived

when he failed to respond to the defendant's motion to dismiss). The Court recommends that Nickey's Motion to Dismiss be granted as to Williams's FMLA claim.[8]

D. Title VII Retaliation Claim

"To establish a *prima facie* retaliation claim using circumstantial evidence, as in this case, a plaintiff is required to show that '(1) he engaged in protected activity [under Title VII], (2) the defendant knew that the plaintiff had exercised his civil rights, (3) the defendant took an adverse employment action against the plaintiff, and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action.'" *Lucas v. KIK Custom Prods.*, No. 14-cv-03017-SHL-dkv, 2015 WL 3408750, at *2 (W.D. Tenn. May 27, 2015) (quoting *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 627–28 (6th Cir. 2013)) (cleaned up). "The burden of establishing a prima facie case of retaliation is 'minimal; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection

[8] In his various responses to the Motion to Dismiss, Williams appears to argue that he has asserted FMLA claims relating to Nickey purportedly denying him his "right of reinstatement" following his FMLA leave (ECF No. 91-1, at 3; ECF No. 94, at 3) and, conflictingly, to being "terminated approximately 30 days after returning" from FMLA Leave (ECF No. 90, at 2). However, these allegations appear nowhere in his Amended Complaint. (*See* ECF No. 55-1.) The Amended Complaint's only reference to termination appears in the context of Williams's Title VII retaliation claim. (*Id.* at 3.) At the outset of this case, Williams was cautioned that an amended complaint "will completely supersede his original complaint" and that "he should include all claims [and] allegations" if filing an amended complaint. (ECF No. 12, at 2.) Williams has been twice granted leave to amend his complaint, most recently on June 6, 2025, when his Amended Complaint became his operative pleading. (ECF No. 77, at 4.) Williams has not moved again to amend his claims, even in the face of Nickey's Motion to Dismiss, such that his Amended Complaint "supersedes all previous complaints and controls [the] case from that point forward." *Parry*, 236 F.3d at 306 (quoting *In re Atlas Van Lines*, 209 F.3d at 1067). "Plaintiff, therefore, cannot attempt to withstand a motion to dismiss by stating new claims in his opposition brief," as "[i]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'" *Marinkovic*, 2022 WL 17405148, at *7 (quoting *Gen. Elec. Co. v. S & S Sales Co.*, No. 1:11-cv-00837, 2012 WL 2921566, at *4 (N.D. Ohio July 17, 2012)).

between the retaliatory action and the protected activity.'" *Id.* (quoting *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007)).

Williams alleges that Nickey retaliated against him "by imposing unreasonable return-to-work conditions, withholding pay, and ultimately terminating Plaintiff" after he "engaged in protected activity by reporting workplace violations and exercising his legal rights." (ECF No. 55-1, at 3.) Williams does not identify what Title VII protected activity he engaged in or even when he was terminated. *See Brown v. Bd. of Educ. of Shelby Cnty. Schs.*, 47 F. Supp. 3d 665, 677 (W.D. Tenn. 2014) ("To succeed on a Title VII retaliation claim, [the plaintiff] must show that he engaged in activity protected under Title VII. Title VII protects against discrimination in employment on the basis of 'race, color, religion, sex, or national origin.'" (quoting 42 U.S.C.A. § 2000e–2)); *see also id.* (finding that the plaintiff's previous complaints about child abuse and safety hazards at his place of employment were not protected under Title VII and could not form the basis of a retaliation claim). Giving Williams the benefit of every doubt, and based on the exhibits to his original Complaint and Nickey's Motion to Dismiss, the only Title VII protected activity that appears in the Record is Williams's EEOC Charge of Discrimination, filed on November 10, 2022, after which he was terminated just over six months later on May 12, 2023. (ECF No. 1-10, at 2; ECF No. 90-2, at 2.)

Here, "Plaintiff has not specified what connection there was between his protected activity and the alleged retaliation, and the only possible connection the Court can infer from the record is temporal proximity." *Lucas*, 2015 WL 3408750, at *2. Williams confirms this approach in his responses to the Motion to Dismiss, wherein he argues only temporal proximity as the causal connection for his Title VII retaliation claim. (ECF No. 91-1, at 3; ECF No. 94, at 4.) However, "[w]hile temporal proximity between the protected activity and retaliation can

serve as a causal connection, . . . [t]he Sixth Circuit has routinely upheld dismissals of claims where the only evidence of a causal connection is temporal proximities much shorter in time than in this case." *Lucas*, 2015 WL 3408750, at *2 (citing, e.g., *Nguyen v. City of Cleveland,* 229 F.3d 559, 567 (6th Cir. 2000), for the proposition that "a one month gap between a complaint and alleged retaliation could not, without more, support a causal inference"); *see also Bender v. Gen. Dynamics Land Sys., Inc.*, 2:19-cv-13177, 2020 WL 4366049, at *8 (E.D. Mich. July 30, 2020) (granting a motion to dismiss the Title VII retaliation claim when the alleged act of retaliation took place fifty days after making a discrimination complaint and no other allegations supported a causal connection) (collecting cases); *Arteaga v. Cinram-Technicolor*, No. 3:19-cv-00349, 2020 WL 433990, at *6 (M.D. Tenn. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 1905176 (M.D. Tenn. Apr. 17, 2020) ("Temporal proximity between an employer's discovery of protected conduct and an adverse employment action may be sufficient to support an inference of retaliation, but only when the time elapsed between the discovery 'and the retaliation was on the order of days, or at most, a few months.'" (quoting *Navarro-Teran v. Embraer Aircraft Maint. Servs., Inc.*, 184 F. Supp. 3d 612, 622 (M.D. Tenn. 2016))). The six months between Williams's Title VII protected activity on November 10, 2022, and his termination on May 12, 2023, is insufficient to show a causal connection to support a Title VII retaliation claim. The Court recommends that Nickey's Motion to Dismiss be granted as to Williams's Title VII claim.[9]

[9] As with his FMLA claim, Williams appears to argue in his various responses to the Motion to Dismiss that he has alleged a Title VII disparate treatment claim. (*See* ECF No. 91-1, at 3–4; ECF No. 94, at 3–4.) However, a Title VII disparate treatment claim appears nowhere in his Amended Complaint. (*See* ECF No. 55-1.) The Amended Complaint's only reference to Title VII is in the context of his retaliation claim. (*Id.* at 2–3.) For the same reasons discussed above, Williams has not brought a disparate treatment claim in his Amended Complaint, and he cannot bring one now by way of his responses to the Motion to Dismiss.

E. Wage Garnishment Claim

The Amended Complaint does not specify whether Williams's wage garnishment claim is brought under state or federal law or what the legal basis of his cause of action may be. (ECF No. 55-1, at 3.) In his various responses to the Motion to Dismiss, Williams appears to assert that this claim is brought under 42 U.S.C. § 1983. (*See* ECF No. 91-1, at 4–5; ECF No. 94, at 4–5.) Simply put, Williams's claims against Nickey involve private actions by private parties, and he has failed to plead any claims "committed by a person acting under color of state law." *Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879-JDT-dkv, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017) ("A § 1983 plaintiff may not sue purely private parties." (quoting *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999))). Williams's wage garnishment claim under § 1983 should be dismissed.

## III. Recommendation

For the reasons set forth above, it is recommended that Nickey's Motion to Dismiss (ECF No. 90) be granted and that Williams's claims be dismissed. In light of this recommendation, the undersigned further recommends that Nickey's Motion for Summary Judgment (ECF No. 218) be denied without prejudice as moot.

## ORDER ON OTHER PENDING MOTIONS

## I. Williams's Motion for Recusal

Williams filed a motion for the recusal of the undersigned on September 24, 2025, without a Certificate of Consultation. (ECF No. 167.) Nickey responded in opposition on October 8, 2025. (ECF No. 187.) On October 9, 2025, Williams filed a motion for leave to file a

reply in support of his recusal motion that affirmatively states that he intentionally failed to consult on his motion for recusal or motion for leave to file a reply, asserting that "Courts recognize that recusal motions are exempt from the normal consultation requirement when the subject of the motion implicates judicial conduct or systemic bias." (ECF No. 188-4, at 1.) In support of this proposition, Williams cites to *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), which does discuss recusals in the context of statements made by a judge to the press about a pending case but in no way stands for the proposition that Williams cites it for. Williams is again warned that inaccurate citations to legal authority may result in the imposition of sanctions in the future, up to and including the dismissal of this case.

Considering the numerous admonitions this Court has already given Williams due to his litigation misconduct and his persistent flouting of the Local Rules and the Order of this Court—with respect to, among other things, "submitting non-dispositive motions without a certificate of consultation, replies and other unauthorized filings without leave of Court, duplicate version for the same requests for relief, and other unnecessary correspondence, notices, memoranda, or the like" (ECF No. 146, at 8)—Williams's motion for leave to file a reply (ECF No. 188) is DENIED, as is his subsequent duplicative motion (ECF No. 213).

Turning to the motion itself, Williams seeks recusal pursuant to 28 U.S.C. §§ 144 and 455 due to the undersigned's alleged impartiality, disparate treatment of the parties, and failure to accommodate his *pro se* status. (ECF Nos. 167, 167-1, 167-2.) However, "[i]t is well settled that sections 144 and 455 must be construed *in pari materia*," a doctrine that requires related statues to be construed together—which in this case means that disqualification under either § 144 or § 455 must be based "upon extrajudicial conduct rather than on judicial conduct." *Green v. FedEx Supply Chain, Inc.*, No. 2:21-cv-2518-JPM-tmp, 2022 WL 2345761, at *2 (W.D.

Tenn. June 29, 2022) (quoting *United States v. Owens*, No. 2:17-cv-2788-JPM-cgc, 2018 WL 7075600, at *1 (W.D. Tenn. Nov. 30, 2018)). "Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law." *Grose v. Lew*, No. 2:16-cv-02043-SHL-cgc, 2016 WL 11826147, at *1 (W.D. Tenn. Jan. 28, 2016) (citations omitted).

"A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *Id.* (quoting *United States v. Adams*, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam)). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)).

All of Williams's allegations are directed to the purported judicial conduct of the undersigned, not extrajudicial conduct, and thus are not cognizable as a basis for recusal. *See Green*, 2022 WL 2345761, at *2. More troubling are Williams's allegations themselves, which he has sworn under penalty of perjury. (ECF No. 167-2.) Among other things, Williams takes issue with the discovery rulings in this case, claiming that the undersigned has favored Nickey in them, both with respect to their substance and timing. (*Id.* at 2.) Specifically, Williams asserts that he has been ordered to produce documents, while Nickey has not, and that he has not been given the opportunity to take depositions by methods he deems appropriate, while Nickey was able to take his deposition. (*Id.*) These same allegations have already been made by Williams and addressed by the undersigned in the August 5th Order:

> As discussed at the Hearing [on August 1, 2025], Williams's premise is false and a mischaracterization of the Record. Williams describes his first motion as "a Motion to Compel Discovery on April 22, 2025 (ECF No. 87)" and his second as "a Motion for Protective Order on May 13, 2025 (ECF No. 101)," claiming both

> "remained pending without ruling, clarification, or scheduling for more than three months." (ECF No. 133, at 2.) No such motions were filed on those dates or at those docket numbers. The motion filed at ECF No. 87 is the previously discussed First RFA Motion, filed on June 20, 2025, and the motion filed at ECF No. 101 is the previously discussed request for entry of a protective order to govern the exchange of confidential information, filed on June 26, 2025. Obviously, neither has been pending "for more than three months." In addition, at the time of Williams's deposition on July 3rd, no motions regarding that deposition were pending. Williams filed such motions on May 21, 2025 (ECF No. 64), and June 2, 2025 (ECF No. 75), which were promptly set for hearing (ECF No. 78) and ultimately denied as moot on June 23, 2025, after being resolved by agreement of the parties (ECF Nos. 88, 97).
>
> As a result, the Motions for Clarification (ECF No. 133) and to Strike (ECF No. 137) are DENIED. Williams is again warned that such mischaracterizations of the Record will not be tolerated and will be met in the future with sanctions, up to and including dismissal of this case.

(ECF No. 146, at 7.) It is extremely concerning that Williams continues to make allegations that have already been found to be false, and now he makes them under penalty of perjury. Considering Williams's well-documented and persistent failure to comply with Local Rules and the Orders of the Court and his continued bad faith and false assertions, the undersigned would be inclined to recommend dismissal under Federal Rule of Civil Procedure 41(b) as a sanction for William's litigation misconduct. However, in light of the recommendation above to grant Nickey's Motion to Dismiss, the Court will refrain from such a recommendation at this time.

## II. The Parties' Other Pending Motions

In light of the recommendation above, the parties' pending motions relating to discovery, the case schedule, and summary judgment briefing are DENIED as moot. Those motions are ECF Nos. 159, 162, 163, 166, 168, 169, 172, 174, 178, 180, 181, 183, 186, 212, 215, 222, 228, 235, and 255.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Nickey's Motion to Dismiss be granted and that this case be dismissed in its entirety. In light of this recommendation, it is

further RECOMMENDED that Nickey's Motion for Summary Judgment be denied without prejudice as moot. Williams's motion for recusal is DENIED. The parties' other pending motions are DENIED as moot.

Respectfully submitted this 4th day of August, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.