**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

VICTOR WILLIAMS,

PLAINTIFF,

v. Case No: 2:24-cv-02287-BCL-atc

NICKEY WAREHOUSES INC.,

DEFENDANT.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is the Motion to Dismiss filed by Defendant on June 20, 2025.[1] Doc. 90. On August 4, 2026, Magistrate Judge Christoff[2] issued a Report and Recommendation that the Motion should be granted. Doc. 277. Plaintiff timely filed objections. Doc. 279. Defendant did not file any objections. For the following reasons, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation (Doc. 277) as supplemented below.

## LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain motions. 28 U.S.C. § 636(b)(1). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de

---

[1] When it was filed on May 1, 2024, this matter was assigned to Judge Mark Norris. Doc. 27. Judge Norris transferred the case to the undersigned on March 25, 2026. Doc. 259.

[2] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* [A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In the same vein, the district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**BACKGROUND**

Neither party objected to the Report's proposed findings of fact. The Court therefore **ADOPTS** and incorporates those proposed findings.

**ANALYSIS**

Plaintiff made multiple objections to the Report and Recommendation, but none are persuasive. The Court addresses each in turn, labeling them as Plaintiff has for the sake of ease of reference.

**I. Specific Objection 1: The extended pendency of Defendant's Motion to Dismiss and the unresolved series of pending motions are relevant to any Rule 41(b) or Abandonment analysis.**

Plaintiff "specifically objects to dismissal with prejudice without adequate consideration of the unusually extended procedural history preceding the R&R"—which he notes includes 410 days between the filing of the motion to dismiss and the submission of the R&R—"because the R&R states that the [Magistrate Judge] 'would be inclined to recommend dismissal under Federal Rule of Civil Procedure 41(b) as a sanction' based upon Plaintiff's litigation conduct." Doc. 279 at 3–4. Plaintiff "specifically objects to any characterization of the extended procedural history as a clear record of Plaintiff-caused delay without distinguishing Plaintiff-caused delay from periods during which motions and dispositive matters remained pending before the Court," and "requests

that the District Court consider the complete procedural history before determining whether any Rule 41(b) theory, express or implied, supports dismissal." *Id.* at 4.

The language cited by Plaintiff was not a ground on which the Magistrate Judge recommended granting the motion to dismiss. Rather, the Report clearly indicated that "in light of the recommendation above to grant Nickey's Motion to Dismiss, the Court will refrain from such a recommendation [i.e., dismissing the complaint as a sanction] at this time." Doc. 277 at 17. Moreover, the undersigned will certainly not hold the delay in this case against Plaintiff in deciding his objections and considering the matters addressed in the Report and Recommendation. This objection is **OVERRULED**.

### II. Governing Pleading Standard: The R&R should apply Rule 8 and Rule 12(b)(6) without imposing a heightened Prima-Facie-Case requirement.

Next, Plaintiff "specifically objects to any portion of the R&R that effectively requires him to establish a complete prima facie case or otherwise satisfy a later-stage evidentiary framework before discovery." Doc. 279 at 5.

Plaintiff is correct that at the pleading stage, a Title VII complaint need not satisfy the *McDonell Douglas* evidentiary standard. *See, e.g.*, *Sturgill v. Am. Red Cross*, 114 F.4th 803, 809 (6th Cir. 2024). So to the extent, if at all, that the Report recommended dismissal on this basis, the Court **REJECTS** that recommendation.

But a Title VII retaliation claim must still contain two core elements: (1) an employer discriminates against an employee; and (2) that discrimination was because the employee opposed an unlawful employment practice or made a charge, testified, assisted, or participated in any

manner in a Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). As to his Title VII claim, Plaintiff's Amended Complaint[3] provides:

> 6. Plaintiff was employed by Defendant and was subjected to unlawful workplace discrimination, retaliation, and violations of his rights under federal law.
>
> . . .
>
> C. Title VII Retaliation and Protected Activity
>
> 13. Plaintiff engaged in protected activity by reporting workplace violations and exercising his legal rights.
>
> 14. Defendant retaliated by imposing unreasonable return-to-work conditions, withholding pay, and ultimately terminating Plaintiff in violation of Title VII.
>
> 15. Defendant's retaliatory actions resulted in Plaintiff being unable to return to work for an additional three weeks, despite being medically cleared.

Doc. 55-1 at 2–3.

"Even at the pleadings stage, of course, a complaint must do more than just check the boxes for the elements necessary for a claim to proceed." *In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 87 F.4th 315, 320 (6th Cir. 2023). The Report correctly notes the Amended Complaint's pleading deficiencies: Plaintiff "does not identify what Title VII protected activity he engaged in or even when he was terminated." Doc. 277 at 12. Instead, Plaintiff's factual allegations are the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Paris v. MacAllister Mach. Co., Inc.*, 175 F.4th 787, 792 (6th Cir. 2026) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), that are insufficient for a complaint to survive a Rule

[3] "An amended complaint supersedes an earlier complaint for all purposes." *Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) (quoting *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014)). The Magistrate Judge twice granted Plaintiff leave to amend his complaint, Docs. 12 & 77, although he only did so once. Doc. 55. When leave was first granted, the Magistrate Judge warned that Plaintiff "should be aware that his amended complaint and supporting exhibits will completely supersede his original complaint and the exhibits that were filed on May 1st." Doc. 12 at 2 (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Plaintiff was similarly cautioned when leave to amend was granted again, as the Magistrate Judge informed that Plaintiff's "proposed Amended Complaint (ECF No. 55-1) is deemed filed and is now the operative complaint in this matter." Doc. 77 at 4.

12(b)(6) motion to dismiss. Upon *de novo* review, granting dismissal remains proper because Plaintiff's complaint does not "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 376–77 (6th Cir. 2026) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)), that Defendant retaliated against him. This objection is **OVERRULED**.

### III. Specific Objection 2: The Title VII Retaliation claim should be evaluated from the entire pleaded chronology.

Next, Plaintiff "specifically objects to the R&R's recommendation that Plaintiff's Title VII retaliation claim be dismissed based upon an allegedly insufficient causal connection between Plaintiff's protected activity and his termination . . . ask[ing] only that the alleged circumstances be considered collectively when determining plausibility." Doc. 279 at 6.

The Court reiterates that Plaintiff's failure to state a Title VII retaliation claim is not premised on failure to satisfy the *McDonnell Douglas* prima facie standard and so this is not a ground to sustain his objection against granting the motion to dismiss. What matters here is that the complaint contains nothing plausibly stating a Title VII claim—meaning there is no "entire pleaded chronology" to consider. To the extent Plaintiff in his objections seeks to inject new facts, they cannot be considered in ruling on a motion to dismiss for failure to state a claim. *See, e.g.*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993))). This objection is **OVERRULED**.

**IV. Specific Objection 3: Defendant's alleged knowledge and the December 13, 2022 correspondence provide relevant context.**

Next, Plaintiff "objects to any analysis of his retaliation claim that treats Defendant's alleged knowledge as insufficient without considering the December 13, 2022 correspondence and the factual chronology alleged in the operative pleading." Doc. 279 at 7. This objection is **OVERRULED** on the same basis as the immediately preceding objection.

**V. Specific Objection 4: The FMLA claim should not be characterized solely as a reimbursement theory.**

Next, Plaintiff "specifically objects to the R&R's conclusion that the FMLA claim should be dismissed because the Amended Complaint allegedly identifies reimbursement rather than adequately pleading an FMLA interference or retaliation theory." Doc. 279 at 8.

Plaintiff's objection is resolved on the same basis as his retaliation claim. An FMLA retaliation claim "arises when an employer takes an adverse employment action against the employee for exercising or attempting to exercise a right protected by the FMLA." *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 866 (6th Cir. 2023) (citing *Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 400–02 (6th Cir. 2008)); *see* 29 U.S.C. § 2615(a). As to his FMLA retaliation claim, Plaintiff's Amended Complaint provides:

> 6. Plaintiff was employed by Defendant and was subjected to unlawful workplace discrimination, retaliation, and violations of his rights under federal law.
>
> . . .
>
> B. Family and Medical Leave Act (FMLA) Violations
>
> 10. Plaintiff exercised his rights under the FMLA due to his medical condition.
>
> 11. Defendant sought reimbursement for FMLA leave expenses, which is a direct violation of Plaintiff's rights under the FMLA.
>
> 12. Defendant's retaliation for Plaintiff's protected FMLA leave resulted in lost wages, professional harm, and emotional distress.

Doc. 55-1 at 2.

The Report correctly identified that the only retaliation mentioned in the Complaint was when Defendant allegedly sought reimbursement, but Plaintiff does not "identif[y] what expenses he refers to or any basis for considering Nickey's request for reimbursement to be an adverse employment action." Doc. 277 at 10. Accordingly, as amended, Plaintiff's claim lacks "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" *Bruce*, 168 F.4th at 376, that Defendant retaliated against him. Plaintiff again provides only "[t]hreadbare recitals of the elements," *Paris*, 175 F.4th at 792, that do not survive a motion to dismiss and Plaintiff cannot now bolster the sufficiency of his complaint in his objections by introducing extraneous facts from other filings, *Bates*, 958 F.3d at 483. This objection is **OVERRULED**.

## VI. Specific Objection 5: The ADA Exhaustion issue should be determined from the actual EEOC charge.

Next, "Plaintiff specifically objects to dismissal of the ADA claim on the ground that it was not administratively exhausted," and "requests that the District Court independently review the actual EEOC Charge and apply the Sixth Circuit's governing expected-scope-of-investigation standard." Doc. 279 at 9.

The Magistrate Judge correctly found that Plaintiff failed to exhaust his ADA claim, even under the "scope of investigation test," because Plaintiff nowhere alleged that he had a disability in his November 2022 EEOC Charge of Discrimination. *See* Doc. 90-2 at 2; *see also Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 762 (6th Cir. 2025) ("[E]ven pro se parties have obligations they must meet under the 'facts related' approach."). This objection is **OVERRULED**.

## VII. Specific Objection 6: The R&R should not resolve ultimate factual or evidentiary issues at the Rule 12(b)(6) stage.

Next, Plaintiff "objects to any portion of the R&R that resolves disputed questions concerning motive, credibility, ultimate causation, pretext, or evidentiary weight against Plaintiff at the pleading stage." Doc. 279 at 10.

The objection is wholly generic and fails to identify a specific error in the Report. *See Miller*, 50 F.3d at 380. Therefore, this objection is **OVERRULED**.

## VIII. Specific Objection 7: Dismissal of the entire action with prejudice is not warranted without a claim-specific determination of futility.

Plaintiff "specifically objects to the recommendation that the entire action be dismissed with prejudice," because the Report does not "adequately distinguish[] between defects that may be legally incurable and pleading deficiencies that may potentially be cured through amendment." Doc. 279 at 10. Plaintiff "requests one comprehensive Second Amended Complaint addressing the specific pleading deficiencies identified by the Court." *Id.* at 11. The Court will address all requests for leave to amend with Plaintiff's alternative request at the end of objections. But for the reasons stated below, this objection is **OVERRULED**.

## IX. Specific Objection 8: The R&R's Rule 41(b) discussion should not serve as an independent basis for dismissal.

Plaintiff "respectfully objects to any attempt to rely upon the R&R's discussion of possible Rule 41(b) sanctions as an alternative basis for dismissal." Doc. 279 at 12. As discussed, the Report did not rely on Rule 41 sanctions as a basis for recommending granting the motion to dismiss. Nor does the undersigned rely on any such considerations in issuing this Order. Therefore, this objection is **OVERRULED**.

**X. Plaintiff's medical circumstances are part of the record and provide relevant procedural context.**

Plaintiff "objects to any characterization of his litigation conduct that fails to account for documented medical circumstances already contained in the record." Doc. 279 at 13. As discussed previously, the Report did not rely on grounds for Rule 41 sanctions as a basis for recommending granting the motion to dismiss. Nor does the undersigned rely on any such considerations in issuing this Order. Therefore, this objection is **OVERRULED**.

**XI. Pro Se status does not relax the rules, but the pleading should be construed fairly.**

Plaintiff "respectfully requests that his pleading be construed liberally and that his factual allegations be evaluated fairly and as a whole." Doc. 279 at 14. The objection is wholly generic and fails to identify a specific error in the Magistrate Judge's Report. *See Miller*, 50 F.3d at 380. Therefore, this objection is **OVERRULED**.

**XII. Alternative Request for one comprehensive second amended complaint.**

Finally, consistent with passing suggestions scattered through his Objections, Plaintiff "respectfully requests leave under Rule 15(a)(2) to file one comprehensive Second Amended Complaint." Doc. 279 at 16. Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts "may deny a motion to amend for, among other reasons, undue delay, bad faith by the movant, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or 'futility of amendment.'" *Ahmed v. Hamtramck Pub. Schs.*, 178 F.4th 975, 981 (6th Cir. 2026) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Leave to amend is denied for two independently sufficient reasons. First, as the Report correctly notes, Plaintiff has "not moved again to amend his claims, even in the face of Nickey's

Motion to Dismiss." Doc. 277 at 11 n.8. "[T]he lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). "Traditionally the 'leniency standard' has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Plaintiff cannot embed motions for leave to amend in his objections to the Report recommending granting Defendant's motion to dismiss. *See Swanigan v. FCA US LLC*, 938 F.3d 779, 789 (6th Cir. 2019) (citing *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)). Having properly moved to amend twice before, Plaintiff has no excuse for such deficiency here. The various "passing" and "throwaway" objections related to amendment are **OVERRULED**, as is the final request for amendment.

Second, Plaintiff has already twice been granted leave (albeit taking advantage only once)—with the amended complaint coming *after* an earlier order dismissing in part (Doc. 27)—but has still failed to allege viable claims. Now, Plaintiff seeks a third authorization "to cure the specific deficiencies *identified by the Court* [and presumably the Report]." Doc. 279 at 10 (emphasis added). The request is denied. Plaintiff is "not entitled to an advisory opinion from the Court informing [him] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000); *see also Young Bok Song v. Gipson*, 423 Fed. Appx. 506, 510 (6th Cir. 2011) ("While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising [pro se] litigants as to what legal theories they should pursue."). "Rule 15's permissive amendment policy should not permit plaintiffs to 'use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the

court's decision.'" *Kuyat*, 747 F.3d at 444–45 (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 616 (6th Cir. 2010)). This request is **DENIED**.

## CONCLUSION

For the following reasons, Plaintiff's objections are **OVERRULED**. As supplemented, the Report is **ADOPTED**. Defendant's Motion to Dismiss (Doc. 90) is **GRANTED**. Defendant's Motion for Summary Judgment (Doc. 218) is **DENIED** as moot. This case is **DISMISSED WITH PREJUDICE**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 24th day of August, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE